IN THE COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS



FILED IN COURT OF APPEALS
12th Court of Appeals District
MAY 06 2015
TYLER TEXAS
CATHY S. LUSK, CLERK

———————————

No. 12-1400016-CV

———————————

JUAN ENRIQUEZ,
Plaintiff-Appellant,

v.

RICK THALER, ET AL.,
Defendants-Appellees.

———————————

On Appeal From the 3rd District Court, Anderson County,
Texas, Trial Court No. 3-41887
Honorable Pam Foster Fletcher, Judge Presiding

———————————

APPELLANT'S PLEA TO JURISDICTION

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Appellant, herein files his plea to the jurisdiction of this Court to hear this appeal under its present posture, averring as grounds the following:

I. NO FINAL JUDGMENT BEFORE THE COURT

The Court does not have a final judgment which concludes all of the claims raised by Appellant.

On December 11, 2013, based on Appellant's funds in his inmate trust account on February 7, 2012, the court below entered an Order of Dismissal in which the court ordered the Texas Department of Criminal Justice to withdraw money from Appellant's trust account equal to the lesser of "1) 20 percent of the preceding six months deposits to the inmate's trust account

or 2) the total amount of court fees and costs charged to the inmate in this cause". (ROA 133).

On December 20, 2013, the Appellant filed his Petitioner's Motion to Vacate Judgment, contesting, inter alia, the withdrawal order because "[p]ayments must be based on the amount placed in the trust fund 6 months prior to February 7, 2012, [the date of the indigency affidavit] not six months prior to the payment order." (ROA 139).

On April 8, 2014, the Anderson County District Clerk, presented the costs of this case. (ROA 141-142).

The record reflects that notice of appeal was filed prior to the court having acted on the motion to vacate judgment and that the Anderson District Clerk did not enter costs into the record until long after notice of appeal was filed.

It is apparent from the record that the Order of Dismissal entered on December 11, 2013, does not dispose of all claims presnted to the trial court and/or raised on appeal.

## II. PROCESS DUE NOT GIVEN

With respect to withdrawal orders, the court in Webb v. State, 324 S.W.3d 229 (Tex.App. - Amarillo 2010), set forth the process due when such orders are entered:

> In reversing this Court and rendering judgment affirming the trial court's order denying Harrel's motion to recind, the Supreme Court held that due process entitles an inmate to receive notice and an opportunity to be heard, even though those requirments might be accorded the inmate after funds are withdrawn. Harrell, 286 S.W.3d at 321. It concluded that because Harrell had received notice (a copy of the withdrawal notification) and an opportunity to be heard (the motion to rescind), he had received all the due process required.

> On the limited record before this court, we are unable to determine if Webb has been given all that due process requires. Specifically, we are unable to determine whether Webb has been (1) provided the necessary underlying documentation, and (2 afforded an adequate opportunity "to compare the amounts assessed by the trial dourt [in the underlying criminal proceedings] to the amount[s] withdrawn and alert the court to any alleged errors." See id. In that respect, we note that the, "risk of an erroneous deprivation of [Webb's] interest through the procedures used" in this particular case is apparent on the face of the record.

Webb, at 232.

Here, the district court gave notice of its withdrawal order via its Order of Dismissal. Also, Appellant was provided *A means* appears to challenge the order via a motion to vacate judgment. However, the documentation of costs was not provided to Appellant until after notice of appeal was filed, so he could not alert the court to the variance between what the statute allowed to be withdrawn from his trust account and what was withdrawn. Thus, the record reflects "risk of an erroneous deprivation of Appellant's interest through the procedure used by the lower court to obtain money from the Appellant's prison trust fund account.

### III. NOTICE OF APPEAL PREMATURE

Because the trial court has not entered an appealable order granting or denying the motion to vacate judgment wherein the court could have confirmed, modified, corrected, or rescinded the prison withdrawal notification, the Notice of Appeal inthis case was premature.

WHEREFORE, PREMISES CONSIDERED, Appellant moves the Court to abate this appeal and to direct the lower court, after evidentiary hearing to develop the record, to clarify its Order of Dismissal pursuant to which funds were withdrawn from Appellant's prison account without the process due to Appellant.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

## Certificate of Service

I, Juan Enriqeuz, certify that a correct copy of the foregoing plea to jurisdiction was served by placing same in the United States mail, postage prepaid, on April 30, 2015, addressed to Briana M. Webb, Assistant Attorney General, P. O. Box 12548, Capitol Station, Austin, TX 78711.

Juan Enriquez

## Mailbox Filing Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing Appellant's Plea to Jurisdiciton was filed on April 30, 2015, by placing same in the Institutional Mail System, postage prepaid, first class mail, addressed to Cathy S. Lusk, Clerk, Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, TX 75702. Executed on April 30, 2015.

Juan Enriquez